LASALLE NATIONAL BANK *v.* WINTHROP C. SHOOK ET AL.
(AC 21281)

Lavery, C. J., and Mihalakos and Dupont, Js.

Argued September 12—officially released November 20, 2001

*Theodore A. Harris,* for the appellants (defendants Winthrop C. Shook and Janice C. Shook).

*Ronald E. Lyles,* with whom, on the brief, was *Allan B. Taylor,* for the appellee (substitute plaintiff).

### Opinion

MIHALAKOS, J. The defendants[1] Winthrop C. Shook and Janice C. Shook appeal from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, LaSalle Bank National Association.[2] On appeal, the defendants claim that the court improperly granted the plaintiff's motion for summary judgment because genuine issues of material fact existed with respect to their three special defenses. We affirm the judgment of the trial court.

The pleadings, affidavits and other documentary information presented to the court reveal the following facts. On July 1, 1997, the defendants executed an amended and restated promissory note in the principal amount of $278,670.63 payable to LaSalle National Bank.[3] The note was secured by a mortgage on real property at 245 Boston Post Road in East Lyme.

---

[1] The plaintiff brought this foreclosure action against the following defendants: Winthrop C. Shook, Janice C. Shook, Dawn Vernieri, Donna Crisuolo, Post Road Video, Grace Koch, Robin Erickson, Janet Brown and My Convenience Store. This appeal concerns only Winthrop C. Shook and Janice C. Shook.

[2] On October 6, 2000, the court granted the plaintiff's motion to open the judgment of strict foreclosure for the sole purpose of substituting LaSalle Bank National Association for LaSalle National Bank as the party plaintiff.

[3] The transaction modified a previous agreement entered into on September 9, 1988, whereby the defendants executed a $300,000 promissory note payable to New England Savings Bank. Thereafter, the Federal Deposit Insurance Corporation was appointed receiver of New England Savings Bank, and the loan documents were assigned to the named plaintiff.

On March 12, 1999, following the defendants' default for nonpayment, the plaintiff commenced this foreclosure action. The defendants asserted three special defenses sounding in equity. Specifically, the defendants alleged that (1) the plaintiff failed to provide them with a payment address, (2) the action was barred by laches due to the plaintiff's failure to take any action to enforce the note for a period in excess of one and one-half years, and (3) the acceleration of the debt was ineffective in that the plaintiff failed to demand any of the monthly payments that were due pursuant to the note and failed to provide any means of making such payments, such as a payment book, invoices or an address. The plaintiff filed a motion for summary judgment to which the defendants objected. The court, *Martin, J.*, granted the plaintiff summary judgment as to liability only. Thereafter, on September 27, 2000, the court, *Hon. D. Michael Hurley*, judge trial referee, rendered a judgment of strict foreclosure, and determined the amount of the debt and attorney's fees due and owing. This appeal followed. Additional facts and procedural history will be set forth as necessary.

The standard for appellate review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . Further,

the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the court rendered judgment for the plaintiffs as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Bank of America, FSB* v. *Hanlon*, 65 Conn. App. 577, 580–81, 783 A.2d 88 (2001).

"[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Internal quotation marks omitted.) *Northeast Savings, F.A.* v. *Hintlian*, 241 Conn. 269, 275, 696 A.2d 315 (1997); see also *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 256, 708 A.2d 1378 (1998).

Historically, defenses to a foreclosure action have been limited to "payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Citation omitted.) *Petterson* v. *Weinstock*, 106 Conn. 436, 441, 138 A. 433 (1927). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 17, 730 A.2d 1128 (1999). A valid special

defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both. See *Southbridge Associates, LLC* v. *Garofalo*, 53 Conn. App. 11, 15–16, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles." Id., 15, citing *Hamm* v. *Taylor*, 180 Conn. 491, 497, 429 A.2d 946 (1980). Furthermore, "if the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had . . . ." (Citations omitted.) *Petterson* v. *Weinstock*, supra, 442.

The defendants do not contest the existence of the underlying debt. They do, however, contest the imposition of default interest and late fees. Therefore, the only issue on appeal is whether there are material facts in dispute that would affect a legitimate equitable defense. We conclude that there are not.

I

The defendants first argue that the court improperly granted the plaintiff's motion for summary judgment as to their first special defense because such a defense is a legally recognizable special defense and because there was a dispute as to the material facts supporting it. In their first special defense, the defendants claimed that the plaintiff failed to communicate with them and provide a billing address or alternative means of making payments. Citing *Petterson* v. *Weinstock*, supra, 106 Conn. 436, the defendants argue that the plaintiff's failure to provide them with a payment address is a valid equitable defense.[4] Their reliance on *Petterson*, however, is misplaced.

---

[4] The defendants focus on the court's characterization of their actions. The court concluded that the defendants' first special defense was "functionally identical to the special defense of mistake" found in *Petterson*. Whether the mistake was on the part of the plaintiff or the defendant is irrelevant to this case. Once it was corrected, the defendants were obligated to tender payment to the plaintiff.

*Petterson* is easily distinguished from the present case. In *Petterson*, the defendants' own mistake was the cause of their default. The plaintiff took advantage of that mistake by immediately accelerating the note without notice and commencing a foreclosure proceeding. In that case, the plaintiff refused to accept the defendants' tender of payment.

In the present case, it is undisputed that the defendants have made no attempt to tender payment, even after receiving the correct payment address. In that regard, the court referenced a letter dated July 13, 1998, informing the defendants of the correct payment address. The plaintiff did not accelerate the note until five months after the defendants received that letter, but nonetheless failed to make any payments. We agree with the court that once the defendants received the correct payment address, the defense of mistake no longer applied. Because there is no genuine issue of material fact, the plaintiff was entitled to summary judgment on the first special defense as a matter of law.

II

In their second special defense, the defendants claimed that the foreclosure action was barred by the doctrine of laches. They argue that there was a genuine issue as to whether the plaintiff's delay caused them to incur exorbitant amounts of default and late charges, and that they should have been allowed to prove their defense of laches. We disagree.

"Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 210, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995). Lapse of time, alone, does not constitute laches. It must result in prejudice to the defendant as where, for example,

the defendant is led to change his position with respect to the matter in question; *Emerick* v. *Emerick*, 28 Conn. App. 794, 804, 613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992); or the delay works a disadvantage to another. *Unified School District No. 1* v. *Dept. of Education*, 64 Conn. App. 273, 287, 780 A.2d 154, cert. denied, 258 Conn. 910, 782 A.2d 1253 (2001).

The court determined that the defendants provided no evidence to show that the delay was inexcusable or that it substantially prejudiced them.[5] Accordingly, there is no evidentiary basis for the defendants' claim that a genuine issue of material fact existed regarding that issue. Furthermore, "the absence of any findings relevant to the issue of laches limits our review to determining whether laches must be found upon the record as a matter of law." *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 350, 579 A.2d 1054 (1990). We conclude that the delay in this case was not prejudicial as a matter of law.

### III

The defendants' final claim is that the court improperly refused to exercise its equitable power to prohibit acceleration because to allow acceleration would require the defendants to perform a "useless act."[6] The defendants, however, did not present that argument to the trial court.

Although this claim derives from the underlying equitable claims of the defendants, the issue of whether they were required to perform a useless act was not

---

[5] The court noted that Winthrop C. Shook, during his deposition, said that he was not prejudiced in any way by the amount of time that it took for the named plaintiff to file for foreclosure.

[6] The defendants pleaded as a third special defense that "[t]he purported acceleration of the sums is ineffective in that the plaintiff failed at all times to demand any of the monthly payments which were due pursuant to the note and failed to provide any means of making such payments, such as payment book, invoices and/or addresses."

raised before the trial court. Practice Book § 60-5 provides in relevant part that "[t]he [appellate] court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." It is well established that appellate courts do not consider issues of law that were not presented first to the trial court absent exceptional circumstances. See *Taylor* v. *Zoning Board of Appeals*, 65 Conn. App. 687, 697, 783 A.2d 526 (2001).

The defendants' argument to the trial court centered on the plaintiff's failure to demand monthly payments and to provide a payment address. The defendants cannot now change their argument. Accordingly, we decline to review the defendants' claim.

Because there was no genuine issue of material fact as to liability, and the defendants could no longer claim equitable defenses when the plaintiff apprised them of the proper payment address, the court properly granted the plaintiff's motion for summary judgment.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.