[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE #139
This is a foreclosure action brought by the plaintiff, Norwest Mortgage, Inc., against the defendants, John and Roberta Clapper, Walter and Elaine Cwynar and Southern New England Telephone. On March 17, 2000, the plaintiff filed a one count amended complaint alleging that John and Roberta Clapper executed a note with Prudential Home Mortgage in the amount of $102,750.00. The Clappers secured the note to Prudential with a mortgage on property located at 89 Salisbury Avenue, Plainfield, Connecticut. The mortgage was recorded on September 12, 1989. Prudential subsequently assigned the note and mortgage to the plaintiff on May 1, 1996. The assignment to the plaintiff was recorded on September 23, 1996. The plaintiff alleges that the note and mortgage are now in default CT Page 174 and have been since January 1, 1998. Further, the plaintiff contends that Southern New England Telephone Company has an interest in the mortgaged property pursuant to a judgment lien in the amount of $252.42 dated March 29, 1994, and recorded April 7, 1994.
In response to the plaintiff's amended complaint, John Clapper filed an amended answer and four special defenses on April 5, 2000. On the same date, Clapper filed a three count counterclaim pursuant to Practice Book § 10-10 alleging trespass, breach of contract and negligence. On August 7, 2001, the plaintiff filed a motion to strike Clapper's special defenses and counterclaim pursuant to Practice Book § 10-39. Clapper did not file a memorandum in opposition to this motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); see also Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Watersv. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment,244 Conn. 296. 325, 709 A.2d 1089 (1998).
As a preliminary matter, pursuant to Practice Book § 10-42(b), Clapper did not file an opposing memorandum of law to the plaintiff's motion to strike. "Although the failure to timely file an opposing memorandum will not necessarily be fatal and the court may therefore address the merits of the motion . . . the filing of a memorandum in opposition to a motion to strike is mandatory and the failure to file such may still serve as a ground for granting a motion to strike. . . . The court has the discretion to address the merits of the motion despite a party's failure to file an opposing memorandum of law where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provision of the Practice Book [§10-42]. . . ." (Citation omitted; internal quotation marks omitted.)Corbin v. Arcadia Financial, Ltd., Superior Court, judicial district of Waterbury, Docket No. 151811 (March 31, 2000, Leheny, J.); see alsoComputer Clearing House, Inc. v. Stamford Computer Group, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164240 (October 5, 1998, D'Andrea, J.). In the present case, the plaintiff has not objected to Clapper's noncompliance with § 10-42 (b). Therefore, the court will address the merits of the plaintiffs motion.
The plaintiff first moves to strike Clapper's four special defenses. CT Page 175 These special defenses allege that: (1) the plaintiff failed to properly credit payments to the Clappers' account; (2) Clapper entered into subsequent agreements with the plaintiff, which supersede the original agreement and alter the terms of the note; (3) the plaintiff breached the terms of the note and mortgage; and (4) as a result of this breach, Clapper has incurred damages which must be set-off against any amounts claimed due to the plaintiff. The plaintiff moves to strike on the grounds that all four special defenses fail to allege sufficient facts. The plaintiff additionally states, as to the second, third and fourth special defenses, that these defenses fail to constitute valid special defenses to a foreclosure action.
"At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Internal quotation marks omitted.) New Haven Savings Bank v. LaPlace,66 Conn. App. 1, 9, 783 A.2d 1171, cert. denied, 258 Conn. 942,___ A.2d ___ (2001); see also LaSalle National Bank v. Shook,67 Conn. App. 93,96-97, ___ A.2d ___ (2001). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, beach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses." (Internal quotation marks omitted.) OCWEN Federal BankFSB v. Weinberg, Superior Court, judicial district of New London at New London, Docket No. 547629 (August 11, 1999, Mihalakos, J.). "A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both." LaSalle National Bank v. Shook, supra,67 Conn. App. 96-97. "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some action or procedure of the lienholder." (Internal quotation marks omitted.) Citimortgage, Inc.v. Lovelett, Superior Court, judicial district of Waterbury, Docket No. 159430 (February 27, 2001, West, J.) (29 Conn.L.Rptr. 105).
Clapper alleges in his first special defense that he is not in default due to the plaintiff's misapplication of payments to the note in CT Page 176 question. The plaintiff argues that this allegation is insufficient because Clapper fails to allege which payments or their amounts were improperly credited. Further, the plaintiff argues that while payment may constitute a sufficient defense, misapplication of payments does not.
The plaintiff's first argument is not a sufficient basis on which to grant a motion to strike. If the plaintiff desired more particular allegations, then it could have filed a request to revise. See Practice Book § 10-35.
Moreover, the plaintiff's second argument is without merit. An allegation of payment constitutes a traditional common law defense to a foreclosure action. Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433
(1927). At least one Superior Court has found that failure to apply payments to the note in question is a sufficient defense to a foreclosure action. Farmers Mechanics Bank v. Stantangelo, Superior Court, judicial district of Middlesex at Middletown, Docket No. 67481 (December 8, 1995,Stanley, J.). Therefore, the plaintiff's motion to strike the first special defense is denied.
The plaintiff argues that the second special defense should be stricken because: (1) it alleges no facts indicating when the agreement was made, the terms of the agreement and whether the Clappers performed; (2) Clapper fails to allege the elements of novation or modification; (3) the special defense does not allege that the subsequent agreement is in writing and, therefore, would not satisfy the statute of frauds; and (4) it fails to allege that the terms of payment are different in the alleged new agreement.
A novation is the substitution of a new contract for the old agreement. S. Williston, Contracts (3d Ed. 1972) § 1865, p. 590. It is usually applied to mean a new contract where a new party has been introduced. Id. The new agreement supersedes and discharges the prior agreement. 3 Restatement (Second), Contracts § 280, comment (b) (1979).
"In order to have a legally enforceable substitute agreement, the parties must intend that the new agreement discharge the prior contract and all claims and demands growing out of it." (Internal quotation marks omitted.) Union Trust Co. v. Jackson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 286938 (July 14, 1994, Katz, J.). The substituted contract "must be supported by consideration or it is ineffective." Id.
This court finds that the second special defense is insufficiently pleaded. Clapper did not plead consideration. Moreover, Clapper fails to CT Page 177 allege that the terms of the alleged subsequent agreement are such as would preclude the plaintiff from foreclosing. Thus, the special defense fails to show that the plaintiff has no cause of action and is legally insufficient. Therefore, the plaintiff's motion to strike the defendant's second special defense is granted.
The plaintiff moves to strike Clapper's third and fourth special defenses on the ground that these special defenses do not attack the making, validity or enforcement of the note or mortgage. "[S]pecial defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Atlantic Mortgage Corp. v. Linsley, Superior Court, judicial district of New Haven at Meriden, Docket No. 260406 (July 3, 2001,Booth, J.); see also Citizens Mortgage Corp. v. Perez, Superior Court, judicial district of Danbury, Docket No. 319220 (November 2, 1995,Stodolink, J.) (granting bank's motion to strike special defenses and counterclaims where they attack actions of lender allegedly perpetuated subsequent to execution of note and mortgage).
The plaintiff correctly argues that none of the claims made in Clapper's third and fourth special defenses attacks the making, validity or enforcement of the note. Each of the defenses attacks acts or procedures of the plaintiff which occurred subsequent to the execution of the note and mortgage. Accordingly, the plaintiff's motion to strike the third and fourth special defenses is granted.
In addition, the plaintiff moves to strike counts one, two and three of Clapper's counterclaim. In his counterclaim, Clapper alleges that during the winter of 1998-1999 the plaintiff trespassed onto the mortgaged property (count one), the plaintiff breached the terms of the note and mortgage alleged in the plaintiff's complaint (count two) and the plaintiff's employees were negligent by failing to properly drain water from pipes located within the mortgaged property (count three).
Practice Book § 10-10 provides: "[A]ny defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." The test is whether "judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counterclaim] . . . Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 161. 459 A.2d 525 (1983); see also Mechanics Savings Bankv. Townley Corp., 38 Conn. App. 571, 574-75, 662 A.2d 815 (1995). CT Page 178
"Although some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counterclaims . . . not recognized at common law . . . this trend must have its limitation. An analysis of those cases recognizing counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted . . . counterclaims based on factors outside of the note or mortgage. . . . The making of the note and the . . . subsequent default is the transaction at issue." (Internal quotation marks omitted.) The FrederickCorp. v. Scheckter, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 84350 (April 26, 2001, Cremins, J.).
In the present case, Clapper failed to plead any facts establishing that the matters alleged in the first, second and third count of the counterclaim are in any way related to the allegations in the plaintiffs complaint. Therefore, the plaintiff's motion to strike counts one, two and three of Clapper's counterclaim is granted.
The plaintiff's motion to strike the first special defense is denied because it alleges facts sufficient to state a valid defense to a foreclosure action. Further, as to the second, third and fourth special defenses the plaintiff's motion is granted because Clapper failed to plead facts sufficient to state a valid special defense. The plaintiff's motion to strike all counts of the counterclaim is granted because these counts do not arise out of the same transaction as the foreclosure action.