[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, LPP Mortgage, Ltd., filed a complaint on May 23, 2001, seeking foreclosure of a mortgage on premises owned by the defendant, CT Page 1273 FR, LLC. The plaintiff alleges that the note and mortgage were executed on or about March 12, 1997, that the plaintiff is the owner and holder of the note and mortgage, and that the note is in default. A copy of the note and mortgage were submitted attached to the complaint and made a part thereof.
The defendant filed an amended answer and special defenses on September 14, 1999. The defendant's third through fifth special defenses are the subject of this present motion. Specifically, in the defendant's third special defense it alleges that the note and mortgage in question were not assignable and therefore the plaintiff cannot enforce them. In its fourth special defense the defendant alleges that the plaintiff should be barred from recovery based on the doctrine of laches. In its fifth special defense the defendant alleges that the plaintiff should be barred from recovery based on the doctrine of equitable estoppel.
On September 27, 2001, the plaintiff filed a motion to strike these three special defenses. The plaintiff argues that the third special defense is legally insufficient in that it states a mere legal conclusion without setting forth a factual basis as to the allegation of nonassignability. Further, the plaintiff argues that the defense of laches is insufficiently pleaded because the defendant has not alleged facts sufficient to show prejudice caused by the time delay. Finally, the plaintiff argues that the defendant has not alleged facts sufficient to support equitable estoppel because the defendant has not alleged that the plaintiff induced the defendant in any way. The defendant filed a memorandum in opposition to the motion to strike on September 28, 2001.
 DISCUSSION
The "function [of a motion to strike] . . . is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., supra, 231 Conn. 383 n. 2; see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
"This court has previously recognized that `[t]he traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien . . . In recognition that a CT Page 1274 foreclosure action is an equitable proceeding, courts have allowed mistake, accident[,] fraud, equitable estoppel, CUTPA, laches[,] breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder. . . .' (Internal quotation marks omitted.)First Nationwide Mortgage Corp. v. Murphy, Superior Court, judicial district of New London, Docket No. 550981 (November 19, 1999, Martin,J.); see also Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11,15-16, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999) (Trial court properly granted the motion for summary judgment because the special defense did not attack the making, validity or enforcement of the notes and mortgages.)" LaSalle National Bank v. Shook, Superior Court, judicial district of New London at New London, Docket No. 549266 (July 13, 2000, Martin, J.), aff'd, 67 Conn. App. 93, ___ A.2d ___ (2001); see also New Haven Savings Bank v. LaPlace, 66 Conn. App. 1, 10-11,783 A.2d 117, cert. denied, 258 Conn. 942, ___ A.2d ___ (2001).
 A
In its third special defense, the defendant alleges that the note in question is not assignable, therefore, the plaintiff in the present case does not have any rights as an assignee. Its only argument is that because the note and mortgage identify only the Small Business Association as an assignee, the note and mortgage give no rights to subsequent assignees. In Connecticut, the presumption is that assignment is permissible. The Connecticut Supreme Court has emphasized that "the modern approach to contracts rejects traditional common-law restrictions on the alienability of contract rights in favor of free assignability of contracts. See 3 Restatement (Second), Contracts § 317, p. 15 (1981) (`[a] contractual right can be assigned'); J. Murray, Jr., Contracts (3d Ed. 1990) (`the modern view is that contract rights should be freely assignable'); 3 E. Farnsworth, Contracts (2d Ed. 1998) § 11.2, p. 61 (`[t]oday most contract rights are freely transferable')." Rumbin v.Utica Mutual Insurance, 254 Conn. 259, 267-68, 757 A.2d 526 (2000). Thus, a "contractual right can be assigned unless . . . the assignment is CT Page 1275 forbidden by statute or is otherwise inoperative on grounds of public policy, or . . . assignment is validly precluded by contract." 3 Restatement (Second), supra, § 317. Where there is a valid assignment, the assignee stands in the shoes of the original mortgagee. See, e.g., Reynolds v. Ramos, 188 Conn. 316, 320 n. 5, 449 A.2d 182
(1982) ("The plaintiff, as assignee of the mortgage, `stood in the shoes of his assignor, with the same rights.'").
This court holds that the defendant has not pleaded facts sufficient to support the mere conclusory allegation that the mortgage was not assignable. The note, which has been incorporated into the allegations of the complaint, does not contain a clause prohibiting assignment. Further, the very first sentence of the mortgage states that payments on the note are to be made to the Connecticut Business Development Corporation or its assignee.[1] The note does refer to a specific assignee, namely the Small Business Administration,[2] however, this court does not find that such enumeration of an assignee precludes further assignment.
Therefore, the defendant's third special defense is stricken as it does not allege facts sufficient to prove that the note in question was not assignable.
 B
In its fourth special defense, the defendant alleges that the plaintiff should be denied recovery because of the equitable doctrine of laches. "Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . Lapse of time, alone, does not constitute laches. It must result in prejudice to the defendant as where, for example, the defendant is led to change his position with respect to the matter in question . . . or the delay works a disadvantage to another." (Citations omitted; internal quotation marks omitted.) LaSalle National Bank v.Shook, 67 Conn. App. 93, 98-99, ___ A.2d ___ (2001). "Because a mortgage foreclosure is an equitable proceeding . . . a defendant who is demonstrably prejudiced by a plaintiff's delay in filing a motion for a deficiency judgment may invoke the equitable defense of laches." (Citation omitted.) BayBank Connecticut, N.A. v. Thumlert, 222 Conn. 784,791-92, 610 A.2d 658 (1992), citing Farmers Mechanics Savings Bank v.Sullivan, 216 Conn. 341, 354, 579 A.2d 1054 (1990); Danaher v. C. N.Flagg Co., 181 Conn. 101, 107, 434 A.2d 944 (1980).
In the present case, the defendant has not alleged sufficient facts that the defendant was prejudiced in any way. There are not facts alleging that the defendant has changed its position with respect to the CT Page 1276 matter at hand or was disadvantaged because of the time delay. Allegations of the time delay alone are insufficient to support a claim of laches.
Therefore, the defendant's fourth special defense is stricken as it does not allege facts sufficient to support a claim of laches.
 C
In its fifth special defense the defendant argues that the plaintiff should be denied recovery based on the doctrine of equitable estoppel. "In its traditional form the doctrine of equitable estoppel states that a party (1) who is guilty of a misrepresentation of existing fact including concealment, (2) upon which the other party justifiably relies, (3) to his injury, is estopped from denying his utterances or acts to the detriment of the other party. J. Calamari J. Perillo, Contracts (3d Ed. 1987) § 11-29 (b), p. 489. In considering the law of estoppel in Connecticut, we have stated: Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Internal quotation marks omitted.) Connecticut National Bank v. Voog, 233 Conn. 352,366, 659 A.2d 172 (1995). "Estoppel rests on the misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist." (Internal quotation marks omitted.) W. v. W.,248 Conn. 487, 496-97, 728 A.2d 1076 (1999).
In the present case, there are not allegations that the plaintiff has engaged in any misleading conduct which induced the defendant to act to her own detriment. See, e.g., SKW Real Estate Ltd. Partnership v.Mitsubishi Motor Sales of America, Inc., 56 Conn. App. 1, 8, 741 A.2d 4
(1999), cert. denied, 252 Conn. 931, 746 A.2d 793 (2000). The defendant alleges that the plaintiff knew or should have known that the defendant would be unable to repay the note. The defendant alleges that because the plaintiff reviewed the defendant's financial statements, tax returns, and the like, it should have known. These allegations are insufficient to show that the plaintiff induced the defendant or concealed information that the defendant was not privy to. For example, in Fleet Bank, N.A. v.Polites, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387118 (April 1, 1992, Aronson, J.), there were allegations of inducements to enter into the note by promises not to foreclose if payment problems arose. No such allegations are made in the present case. CT Page 1277
The defendant has failed to allege facts to demonstrate that the plaintiff either. induced or misled him, or that he acted or changed his position in reliance upon the conduct or representations of the plaintiff. Accordingly, the defendant's special defense of equitable estoppel is stricken.
 CONCLUSION
The plaintiff's motion to strike the defendant's third, fourth and fifth special defenses is granted.
Martin, J.