[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Wells Fargo Home Mortgage, Inc., commenced this foreclosure action on May 14, 2001, against the defendants, James C. Bemis, Sr., and Jacqueline J. Bemis. The plaintiff filed an amended complaint on August 3, 2001, correcting certain errors in the original complaint. In the amended complaint, the plaintiff alleges that the CT Page 2298 defendants mortgaged the premises located at 44 Blacksmith Drive in Ledyard, Connecticut (property) to Eastern Mortgage Services, Inc. (Eastern), on September 13, 1993, as security for a promissory note in the amount of $79,928. Eastern assigned the note and mortgage to Prudential Home Mortgage Co., Inc. (Prudential), on September 13, 1993. Prudential subsequently assigned the note and mortgage to Norwest Mortgage, Inc. (Norwest), on October 4, 1994. Norwest is now known as Wells Fargo Home Mortgage, Inc. The plaintiff further alleges that the note and mortgage are in default by virtue of nonpayment of the installments due on August 1, 2000, and each month thereafter. On May 29, 2001, the defendants, appearing pro se, filed an answer and three special defenses.[1]
On August 27, 2001, the plaintiff filed a motion for summary judgment as to liability. In support of its motion, the plaintiff relies on the pleadings, affidavits and other documentary evidence including copies of the relevant land records, records establishing the note and mortgage assignments, certificate of name change and a memorandum of law. On October 12, 2001, the defendants filed a memorandum in opposition to the plaintiff's motion for summary judgment. On October 23, 2001, the plaintiff filed a reply memorandum to the defendants' opposition memorandum.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v.Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999); see also Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.)Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary CT Page 2299 judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) HomeIns. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
To make out a prima facie case in a foreclosure action, a plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975
(1999). The plaintiff has provided copies of the mortgage agreement and promissory note the defendants gave Eastern on September 13, 1993. The plaintiff also submitted a copy of the note and mortgage assignment from Eastern to Prudential, a copy of the deed dated October 4, 1994, by which Prudential assigned the note and mortgage to Norwest, and a copy of Norwest's certificate of its name change to Wells Fargo Home Mortgage, Inc. By way of affidavit, the plaintiff has proven that the defendants secured a note by issuing a mortgage to Eastern of the property. (Affidavit of Janet Burke, August 3, 2001, ¶ 2.) Moreover, the assistant secretary of the plaintiff corporation states in her affidavit that the note and mortgage are owned by the plaintiff and are now in default by virtue of nonpayment of the installments due on August 1, 2000, and each month thereafter. (Affidavit of Janice Bergthold, ¶¶ 3 and 4.)
In their answer, the defendants expressly admit that they own the property, but deny that the plaintiffs own the note and mortgage. They also deny that they owe the plaintiff the unpaid balance of the note. The defendants further deny that the note and mortgage are in default. They also deny the subsequent claims of interests from junior encumbrances allegedly asserted against the property.
Furthermore, in their memorandum in opposition to the plaintiff's motion for summary judgment, the defendants assert the same special defenses they asserted in their answer. They further argue that they are not in default because of a forbearance agreement they entered into with the plaintiff. Specifically, the defendants argue that the plaintiff is not entitled to summary judgment as to liability because the parties entered into a forbearance agreement under which the defendants made payments and therefore are not in default.
On January 15, 2001, the plaintiff gave the defendants notice of the default. (Plaintiff's Reply to Defendants' Opposition Memorandum, October CT Page 2300 24, 2001, Exhibit J.) The defendants did not cure this default. (Affidavit of Michelle Jeffries, October 11, 2001, [Jeffries Affidavit], ¶ 4.) After the notice of default expired, the plaintiff proceeded to commence a foreclosure action against the defendants. Id. Independently of the foreclosure action, the plaintiff offered the defendants a temporary forbearance agreement (agreement), which the defendants accepted. (Jeffries Affidavit, ¶ 5; Temporary Forbearance Agreement, April 17, 2001, [Agreement].) The agreement provides for the payment of an initial payment on May 2, 2001, and the payment of certain monthly installments from June 1, 2001, through June 1, 2002 (Jeffries Affidavit, ¶ 6(a); Agreement.) The agreement also specifies that "[t]here is no "grace period' allowance in the agreement." (Jeffries Affidavit, ¶ 6(c); Agreement.) "All mortgage loan payments must be received on or before the due date by Wells Fargo Home Mortgage." (Jeffries Affidavit, ¶ 6(c); Agreement.) The agreement further provides that the defendants' failure to make any payment on or before the due date would render the agreement "null and void." (Jeffries Affidavit, ¶ 6(d); Agreement.) The defendants did make the initial payment and the first monthly installment. (Jeffries Affidavit, second ¶¶ 6 and 7.) The defendants, however, failed to make the July 1, 2001 installment on time. (Jeffries Affidavit, ¶¶ 8 and 9.) The plaintiff then exercised its right under the agreement to render it null and void. Id.
On July 13, 2001, the plaintiff proposed by telephone another forbearance agreement, which required a down payment of $4711 to be paid by July 28, 2001. Jeffries Affidavit, ¶¶ 10.) The defendants, however, failed to meet this request. Id. In addition, the defendants admitted in their opposition memorandum that they have missed payments. These missed payments represent that the defendants have defaulted on the note and mortgage. Because the agreement has been deemed null and void as a result of the defendants' failure to meet the requirements of the agreement, the agreement does not preclude summary judgment. The plaintiff, therefore, has met its burden of making out a prima facie case for foreclosure.
Because the plaintiff has made out its prima facie case, the motion for summary judgment will be granted unless at least one of the special defenses asserted by the defendants is valid. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. DanaInvestment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book § 10-50. "Only one of the defendants' defenses needs to be valid in order to overcome the motion for summary judgment." UnionTrust Co. v. Jackson, 42 Conn. App. 413, 417, 679 A.2d 421 (1996). "A CT Page 2301 valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both." LaSalle National Bank v. Shook,67 Conn. App. 93, 96-97, ___ A.2d ___ (2001). "At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, "foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Citations omitted; internal quotation marks omitted.) New Haven SavingsBank v. LaPlace, 66 Conn. App. 1, 10, 783 A.2d 1174 (2001).
The defendants' first special defense alleges that the defendants are entitled to relief under the Homeowners Protection Act set forth in General Statutes §§ 49-31d to 49-31i. The plaintiff argues that this special defense does not preclude summary judgment as to liability because it is not a defense to a foreclosure action as it does not attack the making, validity or enforcement of the note or mortgage. The plaintiff further contends that the defendants cannot claim the benefits of the Homeowners Protection Act because they have failed to meet the requirements provided in the statute. In response, the defendants assert that they did not seek protection because for three months the plaintiff continually advised them that the complaint was filed in error.
General Statutes §§ 49-31d to 49-31i provide a restructuring of mortgage debt under certain circumstances when a foreclosure defendant is unemployed or underemployed. General Statutes § 49-31e (b) provides that "[a] homeowner who is given notice of the availability of the provisions of sections 49-31d to 49-31i, inclusive, must make application for protection from foreclosure within twenty-five days of the return day." This time limit is strictly construed by our courts. SeeNationswide South v. Bartholomew, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 156190 (October 22, 1997,Hickey, J.) (20 Conn.L.Rptr. 440); Fleet Bank v. Holmes, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 399662 (January 27, 1992, Satter, S.T.R.) (5 Conn.L.Rptr. 532).
In this case, the original complaint was accompanied by a notice informing the defendant of the availability of General Statutes §§49-31d to 49-31i. The return date was May 22, 2001. Twenty-five days after this date was June 16, 2001. The defendants failed to file an application pursuant to General Statutes § 49-31e (b), either before or after the twenty-five day time limit. By failing to file an CT Page 2302 application for protection from foreclosure on time, the defendants have waived their right to claim protection under §§ 49-31d to 49-31i. SeeHomeside Lending, Inc. v. Haggerty, Superior Court, judicial district of New London at New London, Docket No. 551725 (May 19, 2000, Martin, J.).
Furthermore, General Statutes § 49-31f (g) provides that "[n]o homeowner who files a defense to any action for foreclosure shall be eligible to make application for protection from such foreclosure pursuant to the provisions of this section." General Statutes § 49-31f
(g). By filing three special defenses the defendants have waived their right to claim protection under §§ 49-31d to 49-31i. HomesideLending, Inc. v. Haggerty, supra, Superior Court, Docket No. 551725. Consequently, the first special defense is insufficient to defeat the plaintiff's motion for summary judgment.
In their second special defense, the defendants claim that they are protected under the U.S. Bankruptcy Code, 11 U.S.C. § 522 (f) and727. In response, the plaintiff argues that neither of these sections preclude summary judgment in its favor because the mortgage deed is not subject to the provisions of § 522(f) and a discharge in bankruptcy under § 727 does not preclude enforcement and foreclosure of a mortgage unless the lien was avoided prior to the discharge. In response, the defendants argue that the bankruptcy releases them from personal liability.
Section 522(f) sets forth the exceptions of certain property from the bankruptcy estate. Title 11 U.S.C. § 522 (f)(2)(C) provides that "[t]his paragraph shall not apply with respect to a judgment arising out of mortgage foreclosure." 11 U.S.C. § 522 (f)(2)(C). Because this action is one for foreclosure § 522(f) is inapplicable.
Section 727 sets forth the discharge provisions of the Bankruptcy Code. [U]nder . . . § 727, a debtor . . . generally is entitled to the discharge of any debt that arose prior to the filing of the petition [for bankruptcy]. The discharge of a debt pursuant to § 727 triggers the operation of the provisions of 11 U.S.C. § 524, which shield the debtor from any personal liability for that debt. . . ." Lightowler v.Continental Ins. Co., 255 Conn. 639, 644-645, 769 A.2d 49 (2001). "Encumbrances on a debtor's property have been distinguished from personal liabilities of the debtor with regard to dischargeability in bankruptcy because effectuation of the policy underlying bankruptcy does not require that the former be extinguished." (Internal quotation marks omitted.) Churchill Mortgage Investment Corp. v. Pacific, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330772 (June 3, 1997, West, J.) (19 Conn.L.Rptr. 531); see also Tyrteos v.Raymond, Superior Court, judicial district of Stamford-Norwalk at CT Page 2303 Stamford, Docket No. 97336, (July 31, 1992, Rush, J.) (7 Conn.L.Rptr. 138). "The majority of courts . . . hold that the bankruptcy code and its legislative history plainly established . . . that valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." (Internal quotation marks omitted.) Churchill MortgageInvest, Corp. v. Pacific, supra, 19 Conn.L.Rptr. 531; see Estate ofLellock v. Prudential Insurance Co. of America, 811 F.2d 186, 189 (3rd Cir. 1987).
Here, the defendants have submitted a letter entitled "discharge of debtor" from the Bankruptcy Court. While the defendants correctly argue that the bankruptcy releases them from personal liability, neither the letter nor the defendants establish that the lien was avoided or eliminated in the defendants' bankruptcy case. Therefore, the plaintiff has a right to enforce a valid lien against the defendants' property. Thus, this special defense is insufficient to defeat the plaintiff's motion for summary judgment.
The defendants' third special defense alleges that the parties entered into a forbearance agreement and therefore they have not defaulted on the note and mortgage. The court has addressed this assertion above, and based on that reasoning, concludes that this special defense is insufficient to defeat the plaintiff's motion for summary judgment.
 CONCLUSION
The plaintiff has produced sufficient evidence to prove the elements of a foreclosure action, and the defendants have offered no evidence in opposition to the motion for summary judgment. Furthermore, the defendants special defenses are legally insufficient to defeat the plaintiff's motion. The court concludes that there is no genuine issue of material fact in dispute as to liability and that the plaintiff is entitled to summary judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment is granted.
Martin, J.