[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
 I SPECIAL DEFENSES
1. First Special Defense: Unclean Hands.
The Motion to Strike is denied. The plaintiffs argument goes to the merits of special defense and simply contradicts the allegations of defense, which the court must take as admitted for purposes of ruling on a motion to strike. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994). The doctrine of unclean hands is a proper special defense in a foreclosure action. Thompson v. Orcutt, 257 Conn. 301,310, 777 A.2d 670 (2001); Willow Funding Co., L.P. v. GrencomAssociates, 63 Conn. App. 832, 849, 850-51, 779 A.2d 174 (2001). The defendants have sufficiently alleged inequitable conduct on the part of the plaintiff, namely, misrepresentations made regarding prepayment terms that affected the defendants' decision whether to execute the note and mortgage.
2. Second Special Defense: estoppel.
The Motion to Strike is denied. The plaintiffs argument goes to the merits of special defense and simply contradicts the allegations of defense, which the court must take as admitted for purposes of ruling on a motion to strike. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994). The defense of estoppel is a recognized equitable defense in foreclosure actions; see Ocwen Federal Bank v.Rivas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 0368135 (February 21, 2002, Stevens, J.); and the defendants adequately plead that the plaintiffs misrepresentations induced them to make the note. See id. (denying motion to strike estoppel CT Page 14557 defense where defendants adequately pleaded misrepresentations induced them to sign the note and mortgage).
3. Third Special Defense: Breach of Contract.
The Motion to Strike is granted. The plaintiffs argument goes to the merits of special defense and simply contradicts the allegations of defense, which the court must take as admitted for purposes of ruling on a motion to strike. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994). However, "under Connecticut law, the courts are consistent in holding that [a] breach of contract claim is neither a recognized defense to a foreclosure action nor a defense in equity." (Internal quotation marks omitted.) Homestead Funding Corp. v.Welch Family Enterprises. LLC, Superior Court, judicial district of Windham at Putnam, Docket No. CV 02 0067260 (August 28, 2002, Foley J.);Greenpoint Mortgage Corp. v. Ruisi, Superior Court, judicial district of Danbury, Docket No. CV 98 0333106 (June 1, 1999, Moraghan, J.).
4. Fourth Special Defense: Fraudulent Misrepresentation.
The Motion to Strike is denied. The plaintiffs arguments go to the merits of the special defense and simply contradicts the allegations of defense, which the court must take as admitted for purposes of ruling on a motion to strike. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994). Fraud is a recognized defense to a foreclosure action; LaSalle National Bank v. Freshfield Meadows, LLC,69 Conn. App. 824, 833-34, 798 A.2d 445 (2002); LaSalle National Bank v.Shook, 67 Conn. App. 93, 96-97, 787 A.2d 32 (2001); New Haven SavingsBank v. LaPlace, 66 Conn. App. 1, 10, 783 A.2d 1174, cert. denied,258 Conn. 942, 786 A.2d 426 (2001); and the defendants' allegations relate to inducement to make the note.
5. Fifth Special Defense: Waiver
The Motion to Strike is granted. The fact that note contains a nonwaiver clause is a fact not alleged, which the court cannot consider in ruling on this motion. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). Moreover, the plaintiffs argument goes to the merits of the special defense and simply contradicts the allegations of the special defense, which the court must take as admitted for this motion. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994); see, e.g., Fleet Mortgage v. Akavalos, Superior Court, judicial district of New London at New London, Docket No. CV __ 0539966 (May 21, 1999, Martin, J.) (declining to address issue of nonwaiver clause on motion to strike since, as pleaded, special defense CT Page 14558 of waiver legally sufficient); Fleet Mortgage v. Akavalos, Superior Court, judicial district of New London at New London, Docket No. CV __ 0539966 (February 16, 2000, Martin, J.) (subsequently addressing issue of nonwaiver clause on motion for summary judgment). A defense of waiver, properly pleaded, is a recognized defense to a foreclosure action.Washington Mutual Bank v. Silvestri, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 00 0069615 (September 13, 2000, Curran, J.); Fleet Mortgage v. Akavalos, supra.
However, "waiver is the intentional abandonment of a known right. . . . Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding. . . . Intention to relinquish must appear, but acts and conduct inconsistent with intention to [relinquish] . . . are sufficient." (Internal quotation marks omitted.) Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11,20, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). The defendants fail to allege that the plaintiff intended to relinquish its right to foreclose and fail to allege any statements or conduct on the part of the plaintiff that expressly or implicitly could be construed as indicating an intention to waive its right to foreclose. Instead, all actions alleged, even assuming that such actions are wrongful, indicate an attempt on the part of the plaintiff to collect the debt owed and/or an intent to foreclose.
 II COUNTERCLAIMS
1. First Counterclaim: Breach of Contract
2. Second Counterclaim: Breach of Good Faith and Fair Dealing
The Motions to Strike are denied. First, the plaintiffs argument goes to the merits of counterclaim and simply contradicts the allegations of the counterclaims, which the court must take as admitted for purposes of ruling on a motion to strike, RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). Second, the plaintiffs argument that the acts alleged in ¶ 5 occurred "after default" are facts not alleged in the counterclaims and therefore cannot be considered by the court in ruling on a motion to strike. Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). In addition, it is generally improper to move to strike the specific factual allegations set forth in an individual paragraph of a pleading. Lin v. National RailroadPassenger Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 99 0431868 (February 4, 2002, Zoarski, J.T.R.) (31 CT Page 14559 Conn.L.Rptr. 380); Moss Ledge Associates, LLC v. Firestone BuildingProducts Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 99 0170167 (October 27, 1999, Karazin, J.);Chaffin v. Health Works, Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 98 0413790 (September 17, 1999, Moran,J.). The remaining allegations of the counterclaims relate to the defendants' inducement to make the note and mortgage and are therefore sufficiently related to the foreclosure action to withstand a motion to strike.
3. Third Counterclaim: Fraudulent Misrepresentation
The Motion to Strike is granted. First, as noted above, the plaintiffs argument goes lo the merits of counterclaim and simply contradicts the allegations of counterclaim, which the court must take as admitted for purposes of ruling on a motion to strike, RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994) and, second, the plaintiffs argument that the acts alleged in ~ 5 occurred "after default" is a fact not alleged in the counterclaim and therefore cannot be considered by the court in ruling on a motion to strike. LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). In addition, it is generally improper to move to strike the specific factual allegations set forth in an individual paragraph of a pleading. Lin v.National Railroad Passenger Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 99 0431868 (February 4, 2002,Zoarski, J.T.R.) (31 Conn.L.Rptr. 380); Moss Ledge Associates, LLC v.Firestone Building Products Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 99 0170167 (October 27, 1999, Karazin, J.); Chaffin v. Health Works. Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 98 0413790 (September 17, 1999, Moran, J.).
The remaining allegations of the counterclaim relate to the defendants' inducement to make the note and mortgage and, at first glance, are sufficiently related to the foreclosure action to withstand a motion to strike. The defendants incorporate allegations from the first and fifth special defenses into their third counterclaim but such incorporated allegations do not, however, include any allegations of reliance on the plaintiffs alleged fraudulent misrepresentation regarding prepayment terms, nor do the defendants allege in what manner such reliance caused them any injury or harm, both necessary elements. See SuffieldDevelopment Associates Ltd. Partnership v. National Loan Investors,L.P., 260 Conn. 777-78, 802 A.2d 44 (2002); Miller v. Appleby,183 Conn. 51, 54-55, 438 A.2d 811 (1981). Their conclusory allegation that they "have and will sustain loss" is insufficient. CT Page 14560
4. Fourth Counterclaim: Negligent Misrepresentation
The Motion to Strike is denied. The plaintiffs argument goes to the merits of counterclaim and simply contradicts the allegations of counterclaim, which the court must take as admitted for purposes of ruling on a motion to strike. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994) and the plaintiffs argument that the acts alleged in ¶ 5 occurred "after default" is a fact not alleged in the counterclaim and therefore cannot be considered by the court in ruling on a motion to strike. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). In addition, it is generally improper to move to strike the specific factual allegations set forth in an individual paragraph of a pleading. Lin v. National Railroad PassengerCorp., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 99 0431868 (February 4, 2002, Zoarski, J.T.R.) (31 Conn.L.Rptr. 380); Moss Ledge Associates, LLC v. Firestone BuildingProducts Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 99 0170167 (October 27, 1999, Karazin, J.);Chaffin v. Health Works, Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 98 0413790 (September 17, 1999, Moran,J.).
The remaining allegations of the counterclaim relate to the defendants' inducement to make the note and mortgage and are therefore sufficiently related to the foreclosure action to withstand a motion to strike. While there is some question whether the allegations are sufficient, insufficient pleading of the elements of negligent misrepresentation is not raised nor briefed as a ground for striking this count. See, Blancatov. Feldspar Corporation, 203 Conn. 34, 44, 522 A.2d 1235 (1987).
5. Fifth Counterclaim: CUTPA
The Motion to Strike is denied. The plaintiffs argument goes to the merits of counterclaim and simply contradicts the allegations of counterclaim, which the court must take as admitted for purposes of ruling on a motion to strike. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). A violation of CUTPA has been recognized as a valid counterclaim brought in a foreclosure action. See, e.g., Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80,105-15, 612 A.2d 1130 (1992). The plaintiffs argument that the acts alleged in ¶ 5 occurred "after default" is a fact not alleged in the counterclaim and therefore cannot be considered by the court in ruling on a motion to strike. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). In addition, it is generally improper to move CT Page 14561 to strike the specific factual allegations set forth in an individual paragraph of a pleading. Lin v. National Railroad Passenger Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 99 0431868 (February 4, 2002, Zoarski, J.T.R.) (31 Conn.L.Rptr. 380);Moss Ledge Associates, LLC v. Firestone Building Products Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 99 0170167 (October 27, 1999, Karazin, J.); Chaffin v. Health Works.Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 98 0413790 (September 17, 1999, Moran, J.). The remaining allegations of the counterclaim relate to the defendants' inducement to make the note and mortgage and are therefore sufficiently related to the foreclosure action to withstand a motion to strike.
6. Sixth Counterclaim: Bad Faith
The Motion to Strike is denied. The plaintiffs argument goes to the merits of counterclaim and simply contradicts the allegations of counterclaim, which the court must take as admitted for purposes of ruling on a motion to strike. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). The plaintiffs argument that the acts alleged in ~ S occurred "after default" is a fact not alleged in the counterclaim and therefore cannot be considered by the court in ruling on a motion to strike. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). In addition, it is generally improper to move to strike the specific factual allegations set forth in an individual paragraph of a pleading. Lin v. National Railroad PassengerCorp., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 99 0431868 (February 4, 2002, Zoarski, J.T.R.) (31 Conn.L.Rptr. 380); Moss Ledge Associates, LLC v. Firestone BuildingProducts Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 99 0170167 (October 27, 1999, Karazin, J.);Chaffin v. Health Works, Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 98 0413790 (September 17, 1999, Moran,J.).
The remaining allegations of the counterclaim relate to the defendants' inducement to make the note and mortgage and are therefore sufficiently related to the foreclosure action to withstand a motion to strike. The court notes that this counterclaim is arguably duplicative of second counterclaim but this is not raised nor briefed as a ground for striking. A request to revise is the proper procedural mechanism for obtaining the deletion of unnecessary or repetitious allegations. Practice Book § 10-35(2).
___________________ Berger, J. CT Page 14562
[EDITORS' NOTE: This page is blank.] CT Page 14563