RORERT A. WAKELEE ET AL. *v.* WILLIAM DESANTO

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued June 3—decided July 14, 1964

*James J. Shea,* for the appellant (defendant).

*Harry M. Albert,* with whom was *James R. Lawlor,* for the appellee (named plaintiff).

COMLEY, J. The complaint in this case alleged that on December 19, 1960, the named plaintiff, while working for the town of Wolcott, sustained injuries as a result of the negligent operation of a power shovel by the defendant, who was also employed by the town, and that at the time in question each was acting in the performance of his duties within the scope of his employment. After the action was commenced, the town joined as a party plaintiff, seeking reimbursement for its obligations under the Workmen's Compensation Act. In this action the plaintiff does not seek to recover damages from the town under § 7-465 of the General Statutes as amended by No. 651 of the 1959 Public Acts, which, under certain conditions, imposes indemnification liability on a municipality for injuries caused by an employee. See *Martyn* v. *Donlin,* 148 Conn. 27, 32, 166 A.2d 856; *Allard* v. *Hartford,* 151 Conn. 284, 197 A.2d 69; *Martyn* v. *Donlin,* 151 Conn. 402, 198 A.2d 700. Rather, he seeks to pursue a common-law action of negligence.

In addition to his answer to the complaint, the defendant filed a special defense in which he as-

serted the claim that on December 19, 1960, the date of the alleged injury, § 7-465 as amended provided an exclusive remedy for one claiming damages for injuries caused by the negligence of a municipal employee and that, since the plaintiff had not complied with the requirements of the statute concerning the filing of notice with the town clerk of his injury and of his intention to commence suit, the present action must fail. The court sustained the plaintiff's demurrer to this special defense. After the defendant declined to plead over, the court ordered that the issue raised by the demurrer be severed from all other issues in the case in order that the defendant might pursue his appeal without prejudice to his right to litigate further all other issues in the case.

We have no doubt that the court was correct in ruling that as of the date of his injury the plaintiff was not required to bring an action under the statute as his sole and exclusive remedy. This construction is obvious from the language of the statute as it stood on December 19, 1960. The statute merely required the municipality to pay the damages recovered against its employee in the types of action and under the restrictions enumerated therein. It is reenforced, if any reenforcement is necessary, by the subsequent additions made in the statute by No. 375 of the 1961 Public Acts which are printed in the footnote.[1]

The additions consist of two sentences. Both deal

---

[1] "[Public Acts 1961, No. 375] . . . This section shall not apply to physical injury to a person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such injury or, in the case of his death, his dependent has a right to benefits or compensation under chapter . . . [568] by reason of such injury. If an employee or, in the case of his death, his

with injuries sustained by a municipal employee as a consequence of the negligence of a fellow employee—the situation involved in the present case. The first sentence abolishes the statutory liability of the municipality for injury caused by a fellow employee if the injured employee has a right to workmen's compensation. Then, in the second sentence, the common-law remedy of the injured employee against the fellow employee as an individual is abolished if the injured employee has a right to workmen's compensation, and if, as here, the complaint alleges no wilful or malicious misconduct on the part of the fellow employee. The type of action abolished in the second sentence of the amendment is that which the plaintiff is pursuing in the present case. If his injury occurred today or at any time since this amendment became effective in 1961, the plaintiff's action would be thereby defeated. Before the amendment became effective in 1961, an injured municipal employee had a common-law right of action against a fellow employee alone and his statutory right to compel the municipality to pay the damages awarded against his fellow employee was an additional, but not an exclusive, remedy. See *Finoia* v. *Winchester Repeating Arms Co.*, 130 Conn. 381, 385, 34 A.2d 636; *Willoughby* v. *New Haven,* 123 Conn. 446, 455, 197 A. 85.

There is no error.

In this opinion the other judges concurred.

dependent has a right to benefits or compensation under chapter . . . [568] by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee or, in the case of his death, his dependent shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious. . . . "