SKORPIOS PROPERTIES, LTD. *v.* JOHN C. WAAGE ET AL.

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, Js.

Argued October 7—decision released December 28, 1976

*Melvin J. Silverman,* for the appellant (plaintiff).

*Richard M. Gordon,* with whom was *Robert J. Wolfe,* for the appellee (defendant Olive Waage).

COTTER, J.   The plaintiff brought this action asking $1,100,000 in damages from the defendants, one of whom, Olive Waage, demurred to the plaintiff's prayer for relief "because on the facts stated, the plaintiff is not entitled to such relief for the

reason that Connecticut General Statutes, Section 49-8 provides [that] the exclusive remedy available to the plaintiff shall not exceed One Thousand ($1,000.00) Dollars damages." The trial court sustained the demurrer, the plaintiff failed to plead over, and judgment was rendered in favor of that defendant. The plaintiff has appealed from the judgment.

The complaint alleges in substance that in January, 1973, the plaintiff purchased property from the defendants, who took back a $284,000 purchase money mortgage for part of the consideration. The mortgage specifically provided for a partial release thereof to be issued, with other provisions not presently relevant, upon the same ratio of land to the total acreage as payments made against the original purchase price bear to that purchase price. In October, 1974, the plaintiff contracted to sell a portion of the land, in a contract in which time was of the essence, and requested a release in accordance with the mortgage provisions, and such a release was refused. The plaintiff then notified the defendants of its contract by letters and telegraph, but the defendants refused to release the acreage as required by the mortgage. As a result of the defendants' refusal, the plaintiff's contract to sell was cancelled; it lost a highly favorable sale.

We have held on numerous occasions that a demurrer tests whether the allegations of a complaint state a good cause of action, that the complaint must be construed in a manner most favorable to the pleader and if facts provable under the allegations would support a cause of action the demurrer must fail. *Covino* v. *Pfeffer,* 160 Conn. 212, 214, 276 A.2d 895.

The question presented, then, is whether § 49-8 of the General Statutes,[1] printed in the footnote, provides the exclusive remedy available to the plaintiff.

Whether the statutory remedy of § 49-8 is exclusive or merely cumulative depends primarily upon the expressed intent of the legislature, and, in construing the language of the statute, the application of common sense, the circumstances surrounding its enactment, and the objective it seeks to accomplish, are not to be excluded. *Jarvis Acres, Inc.* v. *Zoning Commission,* 163 Conn. 41, 46, 301 A.2d 244; see *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 410–11, 311 A.2d 65; 73 Am. Jur. 2d, Statutes, § 145. However, "[c]ourts cannot import into legis-

[1] "[General Statutes] Sec. 49-8. RELEASE OF SATISFIED OR PAR-TIALLY SATISFIED MORTGAGE OR INEFFECTIVE ATTACHMENT, LIS PENDENS OR LIEN. DAMAGES. (1) Upon the satisfaction of any mortgage or (2) upon a bona fide offer to satisfy the same in accordance with the terms of the mortgage deed upon the execution of a release, or (3) when the parties in interest have agreed in writing to a partial release of a mortgage where that part of the property securing such partially satisfied mortgage is sufficiently definite and certain, or (4) when the mortgagor has made a bona fide offer in accordance with the terms of the mortgage deed for such partial satisfaction on the execution of such partial release, the mortgagee or person by law authorized to release the same shall execute and deliver a release to the extent of such satisfaction tendered before or against receipt of such release or (5) when an attachment has become of no effect pursuant to section 52-322 or section 52-324 or (6) when a lis pendens or other lien has become of no effect pursuant to section 52-326 and the mortgagee or plaintiff or his attorney, as the case may be, fails to execute and deliver a release after thirty days from the date of a written request for a release of such encumbrance sent to him to his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, such mortgagee or plaintiff shall be liable in damages to any person aggrieved at the rate of fifty dollars for each week after the expiration of such thirty days but not exceeding in the whole the sum of one thousand dollars."

lation an intent not expressed in some appropriate manner." *Loew* v. *Falsey,* 144 Conn. 67, 72, 127 A.2d 67; 82 C.J.S., Statutes, § 321.

Prior to § 49-8, which in its original form was enacted in 1869,[2] a mortgagor such as the plaintiff would have had a common-law cause of action in the nature of a breach of contract based upon his covenant or agreement contained in the mortgage. *Dugan* v. *Grzybowski,* 165 Conn. 173, 176, 332 A.2d 97; *Valente* v. *Affinito,* 118 Conn. 581, 584–85, 173 A. 235; *Abbe* v. *Goodwin,* 7 Conn. 377, 384. "The General Assembly, and those who frame its legislation, must always be presumed to be familiar with settled rules of statutory construction and the interpretation the courts have placed upon legislation which has been enacted." *State ex rel. Butera* v. *Lombardi,* 146 Conn. 299, 305, 150 A.2d 309. In this case, the settled rule is that " 'a statute which creates a new remedy for a right already existing under the common law is generally directory only, and does not preclude the use of existing common law remedies.' 3 Sutherland, Statutory Construction (3d Ed.) § 5812, p. 95." *Krulikowski* v. *Polycast Corporation,* 153 Conn. 661, 667, 220 A.2d 444; see also 1 Am. Jur. 2d, Actions, § 76; *Hartford & N.H. R. Co.* v. *Kennedy,* 12 Conn. 499.

---

[2] Public Acts 1869, c. 16, provides: "That upon the payment and satisfaction of any mortgage, it shall be the duty of the mortgagee therein, or of the person by law authorized to release the same, to execute and deliver a proper release deed thereof, and upon the wilful neglect or refusal so to do for thirty days after a request in writing for such release, such mortgagee, or other person, shall forfeit and pay to any person aggrieved, the sum of five dollars for each week of such refusal or neglect, after the expiration of said thirty days; *provided,* however, that no person shall be required to execute such release till the necessary expense thereof has been paid or tendered by the person requesting the same."

A statute should not be construed as altering the common-law rule, farther than the words of the statute import, and should not be construed as making any innovation upon the common law which the statute does not fairly express. *Dennis* v. *Shaw,* 137 Conn. 450, 452, 78 A.2d 691; see *Shaw* v. *Railroad Co.,* 101 U.S. 557, 565, 25 L. Ed. 892; 82 C.J.S., Statutes, § 393. Section 49-8 upon its enactment provided a new, affirmative remedy, and contained no express or implied intention to abrogate or supersede the common-law remedy available to the plaintiff; it was an additional, but not an exclusive, remedy. See *Wakelee* v. *DeSanto,* 152 Conn. 44, 46–47, 202 A.2d 833; see also 1 C.J.S., Actions, § 6. We cannot conclude that whatever common-law remedy the plaintiff had, under any circumstances, should be abrogated because of the language of the statute. *Nelson* v. *Steffens,* 170 Conn. 356, 359–60, 365 A.2d 1174; see *Nolan* v. *Morelli,* 154 Conn. 432, 226 A.2d 383.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer and then to proceed according to law.

In this opinion the other judges concurred.