[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT
The plaintiff, Lutz Chong, filed a single count complaint on April 20, 1990, against Frank J. DeLoma, Administrator of the estate of Louis F. DeLoma, Sr. The complaint alleges that the plaintiff and the decedent cohabited from 1978 until November 28, 1988. The complaint also alleges that the plaintiff and the deceased "although not intermarried, lived together as husband and wife." Plaintiff's Complaint at Paragraph 3. The complaint further alleges that the plaintiff and the decedent "Orally and impliedly agreed to live together as husband and wife; and orally and impliedly agreed to share their assets as husband and wife." Id. at Par. 4. The plaintiff, as her sole claim for relief, requests that the court find and order that one-half of the decedent's estate is the property of the plaintiff pursuant to Conn. General Statutes 45-273a(b)(4).
The plaintiff further alleges in her complaint that this claim against the estate of the deceased was not heard by the probate court at the election of The Honorable E. Michael Heffernan. The election not to adjudicate the claim was ordered pursuant to Conn. General Statutes 45-230m(a), and the election not to adjudicate the claim was issued on December 19, 1989. The plaintiff asks the Superior Court to hear and decide this claim pursuant to Conn. General Statutes 45-230m(c).
On July 31, 1990, the defendant, Frank J. DeLoma, filed a motion to strike the plaintiff's complaint in its entirety. As CT Page 3291 required by 155 of the Conn. Practice Book, the defendant filed a memorandum in support of his motion to strike. The plaintiff filed a timely memorandum in opposition on August 13, 1990.
"The purpose of a motion to strike is to `contest. . .the legal sufficiency of the allegations of any complaint. . .to state a claim upon which relief can be granted.'" Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988) (citations omitted)."In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. at 170 (citations omitted). "The court must construe the facts in the complaint most favorably to the plaintiff," id. (citation omitted), and, "if facts provable under the allegations would support . . . a cause of action the . . . [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980) (citations omitted).
The defendant moves to strike the plaintiff's complaint on three grounds. In the first ground, the defendant maintains that the plaintiff has failed to plead a cause of action because Connecticut does not recognize common law marriages.
In the second ground, the defendant argues that even if the plaintiff and the decedent agreed to share their assets as husband and wife, the plaintiff is still precluded from claiming under Connecticut's intestacy statute. The defendant argues in his third ground that the plaintiff has failed to state a cause of action because she was not the legal wife of the decedent as required by the intestacy statute, Conn. General Statutes 45-273a(b)(4). Since this ground does support the granting of the defendant's motion to strike, therefore, this memorandum will not further discuss the first two grounds.
The plaintiff specifically prays for relief solely under the intestacy statute, Conn. General Statute 45-273a(b)(4). The intestacy statute provides in relevant part:
 If there is no will, or if any part of the property, real and personal, legally or equitably owned by the deceased at the time of his or her death, is not effectively disposed of by the will or codicil of the deceased, the portion of the intestate estate of the deceased which the surviving husband or wife of the deceased shall take is: . . . (4) if there are surviving issue of the deceased one or more of whom are not issue of the surviving spouse, one-half of the intestate estate absolutely.
Conn. General Statutes 45-273a(b)(4) (rev'd to 1989) (emphasis CT Page 3292 added).
The plaintiff's allegations set forth that she and the decedent were "not intermarried." Plaintiff's Complaint at Paragraph 3. The intestacy statute expressly provides that a surviving wife shall take under this statute, and the statute does not define the term "wife." The canons of statutory construction provide that words contained in a statute "must be construed according to their commonly approved usage." Cos Cob Volunteer Fire Co. No. 1 v. FOIC, 212 Conn. 100, 105 (1989) (citing Conn. General Statutes 1.1 (rev'd to 1989). The legislature "`must always be presumed to be familiar with settled rules of statutory construction and the interpretation the courts have placed upon legislation which has been enacted.'" Skorpio's Properties, Ltd. v. Waage, 172 Conn. 152, 155 (1976) (citation omitted). "`[T]he General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them . . . [a]nd it is always presumed to have intended that effect which its action or non-action produces."' Plourde v. Liburdi, 207 Conn. 412, 417 (1988) (citation omitted). Finally, statutes are "to be construed in connection with and in harmony with the existing law . . . ." 82 C.J.S. STATUTES 362 (1953).
Black's Law Dictionary defines "wife" as "[a] woman united to a man by marriage. . . ." Black's Law Dictionary 1433 (5t ed. 1979). This definition expresses the "commonly approved usage" referred to by Conn. General Statutes 1.1. Connecticut statutorily establishes the requirements for a valid marriage in Title 46b of the Conn. General Statutes, and Connecticut case law provides that common law marriages are invalid and that "cohabitation alone does not. . .unlike marriage, impose other legal duties upon the parties." Boland v. Catalano, 202 Conn. 333, 339 (1987) (citations omitted). The defendant cites case law that interprets the term "wife" in other contexts. E.g., Collier v. Milford,206 Conn. 242, 247 (1988) (a claimant must be the "legal `wife'" of the deceased to qualify as a presumptive dependent under the Workers' Compensation Act); Wheat v. Red Starr Express, 156 Conn. 245,250 (1968) ("[a]n unmarried woman, even if she is living with a man as his wife, is not entitled to compensation under our [Workers' Compensation Act] "). The legislature is presumed to be familiar with existing statutes, Plourde, 207 Conn. at 417, and with the interpretation the courts have placed "on enacted legislation." Skorpio's, 172 Conn. at 155.
The legislature is aware that the courts have maintained that "[t]he rights and obligations that attend a valid marriage simply do not arise where the parties choose to cohabit outside the marital relationship." Boland, 202 Conn. at 339 (citation omitted). The legislature has had ample opportunity to delete the CT Page 3293 word "wife" and substitute a more general term that would allow cohabitants to take under the intestacy statute, but it has not done so.
Therefore, the defendant's motion to strike the plaintiff's entire complaint is granted on the defendant's third ground. The intestacy statute, Conn. General Statutes 45-273a(b)(4), provides that a "surviving wife" is entitled to take under the statute, and by her own admission, the plaintiff and the decedent were "not intermarried," Plaintiff's Complaint at Paragraph 3, thus, the plaintiff fails to meet the statutory spousal requirement.
DONALD. T. DORSEY, JUDGE