[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Effie Jones filed single count complaint, dated October 22, 1993, against the defendant physicians based on their alleged failure to provide her with copies of her medical records upon her request. The plaintiff alleges in her complaint that the defendants' refusal or neglect to provide the records in violation of General Statutes § 20-7c caused her to incur injuries and damages. In addition, the plaintiff alleges that the defendants' refusal to provide the records constitutes an unfair or deceptive act in violation of the Connecticut Unfair Trade Practices Act.
On April 27, 1994, the defendants filed a motion to strike the entire complaint and a supporting memorandum of law. The defendants' assert two grounds in their motion to strike: (1) that General Statutes § 20-7c does not give the plaintiff a private cause of action and (2) that the plaintiff's complaint does not state a legally sufficient CUTPA claim because it does not allege that the CT Page 6291 defendants' conduct was immoral, unethical, oppressive or unscrupulous. On May 12, 1994, the plaintiff filed a memorandum of law in opposition to the motion to strike. The defendants filed a response to the opposition, dated May 13, 1994.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Novametrix Medical Sys., Inc.v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). On a motion to strike, the court is limited to the grounds specified in the motion. Blancato v. Feldspar Corp. , 203 Conn. 34, 44,522 A.2d 123 5 (1987). "The motion to strike. . . admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.d 862 (1992).
I. Plaintiff's Claim Based on Violation of General Statutes §20-7c.
In their memorandum of law in support of their motion to strike, the defendants argue that the plaintiff has no right of action based on their alleged failure to comply with General Statutes § 20-7c, other than that provided for under the statute. According to the defendants, the plaintiff's exclusive remedy under the statute is to petition the superior court for an order requiring the provider to disclose the information. The defendants argue that because the statute does not specifically give the plaintiff any other remedy, the plaintiff has no cause of action.
The plaintiff argues in opposition that she has alleged a viable negligence count against the defendants for their violation of the statute. The plaintiff further argues that the defendants misinterpret the statute itself. The plaintiff concedes that § 20-7c(c) provides a remedy, which the defendants describe as her exclusive remedy. However, the plaintiff argues that subsection (c) is not even applicable to the present case and therefore does not even provide her with a remedy. Consequently, she contends that it is not her exclusive remedy under the statute.
In their response to the plaintiff's opposition, the defendants reiterate their arguments. In addition, however, the defendants argue that the plaintiff's opposition was not filed and CT Page 6292 served in a timely manner since it was filed only four days prior to the scheduled short calendar argument. Accordingly, they argue that this court should grant the motion to strike. This court may waive the failure to file in a timely manner. Fitzpatrick v. EastHartford BPO Elks, 3 Conn. L. Rptr. 163, 164 (January 25, 1991, Clark).
Whether an individual has a private cause of action based the violation of a statute depends on several factors. Penal statutes are strictly construed and courts will not, by implication, create liability which the statute's language does not purport to create.Nowak v. Nowak, 175 Conn. 112, 125, 394 A.2d 716 (1978). Where a statute specifically provides for a remedy, whether that remedy is exclusive or cumulative "depends upon the expressed intent of the legislature. . . . [C]ourts cannot import into legislation an intent not expressed in some appropriate manner." SkorpiosProperties, Ltd. v. Waage, 172 Conn. 152, 154, 374 A.2d 165 (1976). However, the fact that a statute does not provide an individual with an explicit right of action does not foreclose the use of the violation of the statute as a basis for a claim under certain circumstances. Wright v. Brown, 167 Conn. 464, 468, 356 A.2d 176
(1975). "Where a statute is designed to protect persons against injury, one who has, as a result of its violation, suffered such an injury as the statute was intended to guard against has a good ground of recovery." (Internal quotation marks omitted.) Id. In order to state a valid cause of action under such a theory, "the plaintiff must be within the class of persons protected by the statute . . . [and] the injury must be of the type which the statute was intended to prevent." Id. 468-69.
General Statutes § 20-7c provides in pertinent part:
 (a) A provider. . . shall supply to a patient upon request complete and current information possessed by that provider concerning any diagnosis, treatment and prognosis of the patient.
 (b) Upon a patient's written request, a provider . . . shall furnish to a patient a copy of the patient's health record. . . . No provider shall charge a patient more than twenty-five cents per page and the cost of first class postage . . . . A provider shall furnish a health record requested pursuant to CT Page 6293 this section within thirty days of the request.
 (c) If a provider. . . reasonably determines that the information is detrimental to the physical or mental health of the patient, or is likely to cause the patient to harm himself or another, he may withhold the information from the patient. . . . If disclosure of information is refused by a provider under this subsection, any person aggrieved thereby may, within thirty days of such refusal, petition the superior court. . . for an order requiring the provider to disclose the information.
(Emphasis added.)
In the present case, the statute at issue does not impose a penalty on the provider for failing to comply with it. Therefore, it is not penal in nature and the reasoning of Nowak v. Nowak, supra, does not apply. In addition, while subsection (c) provides a remedy where providers refuse to disclose a record because they believe disclosure would be detrimental to the patient, there is no allegation that this was the reason the defendants failed to provide the record. Therefore, the remedy provided in subsection (c) is not available to the plaintiff. In addition, no other subsection of General Statute § 20-7c provides the plaintiff with a remedy. Accordingly, the defendants' argument that the plaintiff has no other remedy under the statute than that provided in § 20-7c(c) fails, since that subsection provides her with no remedy at all. Therefore the motion to strike is denied on this ground.
The legal sufficiency of a claim based on a violation of General Statutes § 20-7c would be determined by considering whether the plaintiff alleged sufficient facts to provide a basis for finding that she is of the class of individuals sought to be protected by the statute and that the injury alleged is of the type that the statute is intended to prevent. The defendants have not raised the failure to sufficiently allege these elements as a basis for striking the claim. The court is limited to the grounds raised in the motion to strike. Blancato v. Feldspar Corp. , supra,203 Conn. 44. Therefore this court will not consider the legal sufficiency of the claim based on this theory of liability. CT Page 6294
The defendants next argue that the plaintiff's CUTPA claim is legally insufficient because it fails to specifically allege that the defendants' failure to provide her records was immoral, unethical, oppressive or unscrupulous. In response, the plaintiff argues that the allegations in her complaint demonstrate that the defendants' conduct was immoral, unethical, oppressive or unscrupulous.
On a motion to strike, the court is limited to reasons raised in the motion. Blancato v. Feldspar Corp. , supra, 203 Conn. 44. In support of their motion, the defendants cite to S.M.S. TextileMills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 631 A.2d 347 (1993), for the proposition that a legally sufficient CUTPA claim must allege that the defendants' conduct was immoral, unethical, oppressive or unscrupulous. However, S.M.S. Textile Mills, Inc., supra, stands for the proposition that the facts alleged in the complaint must provide abasis for finding immoral, unethical, oppressive or unscrupulous conduct on the part of the defendants. Id., 795.
The defendants, in their motion to strike, attack the failure of the plaintiff to allege a legal conclusion. Had the plaintiff alleged that the conduct was immoral, unethical, oppressive or unscrupulous without sufficient underlying factual allegations, the claim would be vulnerable to a motion to strike because it would then allege a legal conclusion. The defendants' motion to strike is denied as to the CUTPA claim because the defendants' have not raised a valid reason for striking that claim.