[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this foreclosure action, the plaintiff, Sovereign Bank, FSB, seeks to foreclose on a mortgage allegedly executed in its favor by the defendants, Charles E. Bradley and Noel K. Bradley,[1] in the amount of $2,500,000. The mortgage encumbers certain real property located in Darien. In its complaint, the plaintiff alleges, among other things, that the mortgage partially secures a note executed in its favor by the defendant, Charles E. Bradley, in the original principal amount of $11,000,000. In their answer, the defendants assert nine special defenses, two counterclaims and various prayers for relief. The plaintiff now moves to strike each of the defendants' special defenses, counterclaims and corresponding prayers for relief.
"A motion to strike challenges the legal sufficiency of a pleading. . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Doe v. Yale University, 252 Conn. 641, 694, 748 A.2d 834
(2000); see also Practice Book § 10-39.[2] "In ruling on a motion to strike, the court is limited to the facts alleged in the [challenged pleading]." Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). The court "[m]ust construe the [challenged pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516,523, 753 A.2d 927 (2000).
I. Special Defenses
"[A] plaintiff can [move to strike] a special defense. . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. DanaInvestment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999); Practice Book § 10-50. In ruling on the motion to strike, the court must accept as true the facts alleged in the special defenses and construe them in the manner most favorable to sustaining their legal sufficiency. ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
Historically, defenses to a foreclosure action have been limited to "payment, discharge, release or satisfaction . . . or, if there had never CT Page 3947 been a valid lien." (Citation omitted.) Petterson v. Weinstock,106 Conn. 436, 441, 138 A. 433 (1927); LaSalle National Bank v. Shook,67 Conn. App. 93, 96, 787 A.2d 32 (2001). "A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both." Id., 96-97. However, "[w]here the plaintiffs conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles." Id., 97, citing Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946 (1980). Furthermore, "if the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had." LaSalle National Bank v. Shook, supra, 67 Conn. App. 97, quotingPetterson v. Weinstock, supra, 106 Conn. 442. "Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury;" (Citations omitted.) New Haven Savings Bank v. La Place, 66 Conn. App. 1,10, 783 A.2d 1174, cert. denied, 258 Conn. 942, 786 A.2d 426 (2001); as well as the equitable defense of unclean hands. See Thompson v. Orcutt,257 Conn. 301, 310-18, 777 A.2d 670 (2001).
A. First and Second Special Defenses
The defendants' allege, in their first special defense, that the mortgage is invalid as to the defendant, Noel K. Bradley, because she never signed any note or debt instrument and therefore, it does not secure any obligation owing by her. In their second special defense, the defendants allege that the mortgage is invalid as to the defendant, Noel K. Bradley, because she received no consideration for signing said mortgage.
The plaintiff moves to strike these special defenses on the grounds that they are legally insufficient because the defendants admit to the validity of the mortgage in their answer and because the substantive claims fail as a matter of law. The plaintiff argues that the defendants are precluded from asserting their first and second special defenses challenging the validity of the mortgage because the defendants have admitted the validity of the mortgage in the seventh paragraph of their answer. In response, the defendants maintain that they have not conceded to the validity of mortgage.
In the seventh paragraph of its complaint, the plaintiff alleges that the mortgage encumbers certain real property located in Darien. In the seventh paragraph of their answer, the defendants admit to the plaintiff's allegation "only to the extent that the mortgage is valid." This court notes that an admission in a defendant's answer is a "judicial admission conclusive on the defendant and the matter admitted [is] not in issue." Jones Destruction, Inc. v. Upjohn, 161 Conn. 191, 199, 286 A.2d 308
CT Page 3948 (1971); see also Isaac v. Truck Service, Inc., 52 Conn. App. 545, 550-5
1, 727 A.2d 755 (1999), aff'd, 253 Conn. 416, 752 A.2d 509 (2000) (admission of truth of allegation in pleading is judicial admission conclusive on pleader). However, when construed in the light most favorable to the pleaders, this court finds that the defendants' use of the words "only to the extent that . . ." in the seventh paragraph of their answer compels this court to conclude that the defendants have not thereby admitted to the validity of the mortgage. Rather, this court construes the seventh paragraph of the defendants' answer as admission that the mortgage encumbers certain real property in Darien, but not an admission that the mortgage is valid.
Next, the plaintiff argues that the defendants' first and second special defenses are insufficient as a matter of law because (1) the law does not require the mortgagor's signature on the note which is secured by the mortgaged property, and (2) the law does not require consideration to move from mortgagee to mortgagor, particularly in circumstances where the spouse of an obligor on a note executes a mortgage to secure his or her spouse's obligation. In response, the defendants argue that (1) unless the mortgagor's signature is on the underlying note or debt instrument, the mortgage is invalid, and (2) unless consideration flows from mortgagee to mortgagor, the mortgage is invalid. Alternatively, the defendants contend that even if the signature of the defendant, Noel K. Bradley, on the mortgage might be determined to be in consideration of a loan made to a related party, that is a factual issue which should be determined by the trier of fact and not by a motion to strike.
The Connecticut Supreme Court has held that consideration for a mortgage "does not necessarily have to move from the mortgagee to the mortgagor."[3] Molk v. Micklewright, 151 Conn. 606, 609, 201 A.2d 183
(1964), citing Fisher v. Lehrer, 149 Conn. 106, 111, 175 A.2d 707
(1961). See also Restatement (Third), Property, Mortgages § 1.2(a), p. 13 (1996) ("[c]onsideration is not necessary to the enforceability of a mortgage.") Furthermore, the Connecticut Superior Court has addressed the issue of whether a mortgage given to secure the indebtedness of a third person is valid and enforceable and has held such mortgages to be valid. See e.g. First Commerce of America v. McDonald, Superior Court, judicial district of Middlesex, Docket No. 075050 (October 2, 1995, Aurigemma, J.) (15 Conn.L.Rptr. 179.), aff'd, 42 Conn. App. 901, 677 A.2d 993 (1996) (per curiam) ("consideration for a mortgage may consist of a loan made to one other than the mortgagor."); Advest Bank v. Giardini, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 500896 (October 22, 1992, Burns, J.) ("mortgage given to [mortgagee] by defendant [mortgagor] is valid and enforceable against [mortgagor] notwithstanding the fact that [mortgagor] is not an obligor on the underlying debt incurred by his son."); Federal Deposit Ins. Corp. v.CT Page 3949Brady, Superior Court, judicial district of Waterbury, Docket No. 098348 (January 8, 1992, Zoarski, J.) ("[t]here is no . . . requirement that a mortgagor must also be an obligor on the note which is secured by the property mortgaged."); State Street Mortgage v. Matrix Development Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 282654 (August 23, 1991, Katz, J.) (4 Conn.L.Rptr. 508.) (although mortgage must secure a debt and there must be consideration for the debt, there is no common law or statutory requirement that mortgagor must also be obligor in order for mortgage to be valid). Thus, where consideration for the underlying debt obligation exists, independent consideration between the mortgagee and the mortgagor is not necessary to the enforceability of the mortgage, and the mortgagor's signature on the underlying debt instrument is not required.[4] See Restatement (Third), supra, § 1.3, p. 20-21, comment a. and illustration 1.[5]
Applying the principles outlined above, this court finds that the defendants' first and second special defenses are legally insufficient as they fail to plead facts demonstrating that the plaintiff has no cause of action. The defendant, Noel K. Bradley, admits that she executed a mortgage together with the defendant, Charles B. Bradley, to secure the repayment of a note executed by the defendant, Charles B. Bradley. (Defendants' Answer, ¶¶ 11, 5, 6.) Even if the defendants were to demonstrate that the defendant, Noel K. Bradley, never signed any note or debt instrument and received no independent consideration for signing the mortgage, such facts would not affect the validity or enforceability of the mortgage. Consequently, this court finds that the defendants' first and second special defenses are legally insufficient as a matter of law. Accordingly, the plaintiffs motion to strike the defendants' first and second special defenses is granted.
B. Third, Fourth and Ninth Special Defenses
The defendants' allege, in their third special defense, that the twenty-first paragraph of the mortgage requires that any notice given prior to foreclosure contain information regarding the mortgagors' rights to reinstatement,[6] and the notice given by the plaintiff did not do so. The defendants' allege, in their fourth special defense, that subsequent to the issuance of the defective notice, the plaintiff has continued to receive monies to be applied to the mortgage debt and is thus estopped from proceeding with the foreclosure. The defendants' allege, in their ninth special defense, that the defendants have a right of reinstatement prior to any sale and/or judgment date.
The plaintiff moves to strike the defendants' third, fourth and ninth special defenses on the grounds that they are legally insufficient because the defendants have no right to reinstatement of the mortgage as a matter CT Page 3950 of law and consequently, they had no right to notice of a nonexistent right. The plaintiff maintains that a judgment on the underlying note has already entered in the plaintiff's favor, as alleged in the defendants' answer.[7] The plaintiff argues that because the underlying obligation on the note has been reduced to a judgment, reinstatement is a legal impossibility. Furthermore, the plaintiff argues that the mortgage itself provides that the right to reinstatement expires at the earlier of five days before the sale of the mortgaged property or the entry of a judgment enforcing the note. Consequently, the plaintiff concludes that the ninth special defense should be stricken because the right to reinstate ceased to exist when the judgment on the underlying note entered against the defendant, Charles B. Bradley, and therefore, the defendants do not have a right of reinstatement. The plaintiff argues that the third and fourth special defenses, which relate to the allegedly defective notice issued by the plaintiff, fail because the law does not require useless and futile acts and providing the defendants with notice of a nonexistent right to reinstatement would have been futile. Consequently, the plaintiff concludes that the third and fourth special defenses should be stricken. Alternatively, the plaintiff argues that even if the defendants do have a right to reinstatement, the third, fourth and ninth special defenses fail because they allege legal conclusions and do not allege subordinate facts setting forth a right to reinstatement. Additionally, the plaintiff argues that even if the right to reinstatement existed and the notice given by the plaintiff was defective, the fourth special defense is legally insufficient because it fails to allege any basis for precluding the plaintiff from foreclosing on its collateral.
In response, the defendants argue that the judgment on the note that was entered against the defendant, Charles B. Bradley, neither affects the defendants' rights to reinstate the mortgage nor changes the plaintiff's obligation to notify the defendants of their reinstatement rights. The defendants contend that their rights to reinstatement and to sufficient notice prior to foreclosure originate with the language contained in the mortgage instrument. The defendants contend that their third, fourth and ninth special defenses raise factual issues that should not be determined on a motion to strike and the defendants insist that these special defenses are sufficiently plead.
This court finds that the defendants' ninth special defense asserts the legal conclusion that the defendants have a right to reinstatement without setting forth any factual predicate for their conclusion. Although the defendants note in their memorandum that their right to reinstatement derives from the eighteenth paragraph of the mortgage, the defendants' ninth special defense lacks allegations regarding the origin of such a right or the facts that triggered such a right. See Nationsbancv. Howell, Superior Court, judicial district of Stamford/Norwalk at CT Page 3951 Stamford, Docket No. 164649 (December 16, 1998, Rodriguez, J.) (striking special defense of right to reinstatement because defendant failed to allege subordinate facts indicating that he followed or attempted to follow steps set out in the mortgage necessary to reinstating the mortgage). "The fact that in a special defense one must plead facts which are consistent with the allegations of the complaint does not relieve the defendants of the duty of providing the plaintiff with a plain and concise statement of the material facts on which they rely." FirstNationwide Mortgage Corp. v. Murphy, Superior Court, judicial district of New London, Docket No. 550981 (November 19, 1999, Martin, J.) "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). Accordingly, the motion to strike the ninth special defense is granted on the ground that it fails to state any supporting facts and alleges only a legal conclusion.
Nevertheless, this court finds that the defendants' third special defense, which relates to the allegedly defective notice issued by the plaintiff, is legally sufficient. As noted above, the defendants allege that the twenty-first paragraph of the mortgage requires that any notice given prior to foreclosure contain information regarding the mortgagors' rights to reinstatement,[8] and they further allege that the notice given by the plaintiff did not do so.[9] "Notices of default and acceleration are controlled by the mortgage documents. Construction of a mortgage deed is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly." CHFA v. John Fitch Court Associates Ltd. Partnership,49 Conn. App. 142, 149, 713 A.2d 900, cert. denied, 247 Conn. 908,719 A.2d 901 (1998). Where the language of the mortgage provision at issue is mandatory, a condition precedent is created which must be satisfied prior to foreclosure. Northeast Savings, F.A. v. Scherban,47 Conn. App. 225, 228, 702 A.2d 659 (1997), cert. denied, 244 Conn. 907,714 A.2d 2 (1998) (use of term "shall" in note creates condition precedent that must be satisfied prior to foreclosure); CiticorpMortgage, Inc. v. Porto, 41 Conn. App. 598, 602-603, 677 A.2d 10 (1996) (use of term "shall" in mortgage creates condition precedent that must be satisfied prior to foreclosure).
This court finds that the defendants' third special defense is a proper defense to a foreclosure action as it directly relates to the plaintiffs entitlement to enforce the mortgage by instituting foreclosure proceedings. The allegations made in the third special defense, which must be taken as true for purposes of ruling on a motion to strike, show that the plaintiff, in failing to satisfy a mandatory condition precedent to a foreclosure action, has no such cause of action. Thus, the defense CT Page 3952 complies with the Practice Book § 10-50. For these reasons, the motion to strike the third special defense is denied.
Turning to the fourth special defense, as noted above, the defendants allege that subsequent to the issuance of the defective notice, the plaintiff has continued to receive monies to be applied to the mortgage debt and is thus estopped from proceeding with the foreclosure. This court finds that the fourth special defense, in essence, duplicates the defense asserted in the third special defense and furthermore, that it does not otherwise assert an independent, cognizable special defense. Therefore, to the extent that this special defense duplicates the defense asserted in the third special defense, it is merged in that defense. Accordingly, this court grants the motion to strike the fourth special defense.
C. Fifth and Sixth Special Defenses
The defendants' allege, in their fifth special defense, that: simultaneously with the prosecution of this foreclosure action, the plaintiff is proceeding, in Connecticut, with separate legal proceedings on the note to enforce its alleged rights; and the plaintiff is estopped from simultaneously proceeding with legal actions for collection of the note and an equitable action to foreclose when the collection activities and the foreclosure action arise from the same debt. The defendants' allege, in their sixth special defense, that: simultaneously with the prosecution of this foreclosure action, the plaintiff is proceeding, in Connecticut, with separate legal proceedings to enforce its alleged rights; the legal action being prosecuted in Connecticut arises from a judgment against the defendant, Charles B. Bradley, issued by the United States District Court for the Eastern District of Pennsylvania (hereinafter, the Pennsylvania judgment); Pennsylvania law precludes the enforcement of an indebtedness by simultaneously proceeding on the note and foreclosing the property which stands as security for the note; the plaintiff is estopped from simultaneously proceeding with legal actions for collection and an equitable action to foreclose when the collection activities and the foreclosure action arise from the same debt; and it is a violation of the laws and policies of the States of Connecticut and Pennsylvania for the plaintiff to simultaneously proceed on collection of the note and foreclosure of the mortgage.
The plaintiff moves to strike the defendants' fifth and sixth special defenses on the grounds that they are legally insufficient because the plaintiff is legally entitled to pursue both collection on its judgment on the underlying note and foreclosure on the property herein. The plaintiff argues that Connecticut case law permits the owner of a debt secured by a mortgage to pursue its remedy at law on the note and to pursue its remedy CT Page 3953 in equity upon the mortgage, either contemporaneously or consecutively. In response, the defendants argue that their fifth and sixth special defenses withstand a motion to strike because Connecticut law requires the plaintiff to elect its remedy, to pursue its remedies simultaneously in one case, or to exhaust one avenue of relief before proceeding with another.
In Wendell Corporation Trustee v. Thurston, 239 Conn. 109, 680 A.2d 1314
(1996), the Connecticut Supreme Court stated: "Our cases establish the principle that, in real estate mortgage law, the plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this [s]tate action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit. . . . If, by an action solely on the note, the owner secures full payment on the debt, his right to enforce the mortgage is gone, or, if he secures payment in part, he can enforce the mortgage only to secure the payment of the balance. . . . Where such a procedure is followed, the extent of the recovery, however, should not in any event exceed the amount of the debt." (Citations omitted; internal quotation marks omitted.) Id., 116-17; See also New Haven Savings Bank v. Warner, 128 Conn. 662, 666,25 A.2d 50 (1942) ("[t]he owner of a debt secured by a mortgage has the right to proceed against the debtor to collect the debt and to enforce the mortgage either contemporaneously or consecutively.") The Connecticut Supreme Court explained that "the doctrine permitting both remedies, or a combination thereof, is grounded in equitable principles permitting procedural flexibility while at the same time prohibiting double recovery."[10] Wendell Corporation Trustee v. Thurston, supra,239 Conn. 118, citing Hartford National Bank Trust Co. v. Kotkin,185 Conn. 579, 581-82, 441 A.2d 593 (1981) (if owner secures full payment by action on note, owner has no further right to enforce the mortgage; if owner secures payment in part, owner can enforce the mortgage only for the balance; extent of recovery in any event not to exceed amount of debt).
In light of the foregoing, this court finds that the defendants' fifth and sixth special defenses are legally insufficient on the ground that Connecticut law does not preclude a mortgagee from pursuing its remedies at law and in equity, either simultaneously or consecutively. Although the defendants argue, in their memorandum, that payments have been made which reduce or eliminate the debt secured by the mortgage, the defendants' fifth and sixth special defenses do not include any factual allegations which could impede the plaintiff's enforcement of the mortgage in this action, such as of full or partial payment. WendellCT Page 3954Corporation Trustee v. Thurston, supra, 239 Conn. 118, citing HartfordNational Bank Trust Co. v. Kotkin, supra, 185 Conn. 581-82 (if owner secures full payment by action on note, no further right to enforce mortgage; if owner secures payment in part, owner can enforce mortgage only for balance; extent of recovery in any event not to exceed amount of debt). Accordingly, the motion to strike the defendants' fifth and sixth special defenses is granted.
D. Seventh Special Defense
The defendants allege, in their seventh special defense, that the mortgage referred to in the sixth paragraph of the plaintiffs complaint[11] (the first mortgage) has merged into the mortgage referred to in paragraph 24(b) of the plaintiff's complaint[12] (the second mortgage) and therefore, the first mortgage is not valid and cannot be enforced.
The plaintiff moves to strike the defendants' seventh special defense on the ground that it is legally insufficient because the two mortgages on the subject property did not merge as a matter of law. The plaintiff argues that there is no factual or legal basis for the defendants' conclusory allegation that the first and second mortgages have merged. The plaintiff maintains that the second mortgage states, among other things, that it is subject to the first mortgage. The plaintiff argues that the second mortgage would not have included the statement that it was subject to the first mortgage if, instead, it was intended to extinguish the first mortgage. The plaintiff contends that other explicit language in the second mortgage also shows that the first and second mortgages did not merge, as it evidences the parties' intention that the second mortgage was to secure the same note as the first mortgage, but with no limitation on its amount and with a different and lesser priority. In response, the defendants argue that the plaintiff is improperly urging this court to strike the seventh special defense on the basis of facts that are not raised by the pleadings. The defendants insist that their seventh special defense alleging merger is legally sufficient and withstands the motion to strike.
When ruling on a motion to strike, this court is limited to a consideration of the facts alleged in the challenged pleading. SeeFaulkner v. United Technologies Corp., supra, 240 Conn. 580. Where the grounds for a motion to strike are dependent upon underlying facts not alleged in the pleadings, the moving party must await the evidence which may be adduced at trial, and the motion should be denied. LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). In other words, a "`speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, CT Page 3955660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835
(1996), citing Liljedahl Bros., Inc. v. Grigsby, supra, 215 Conn. 348.
Nonetheless, "[a] motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., supra, 249 Conn. 17; Practice Book § 10-50. "The fact that in a special defense one must plead facts which are consistent with the allegations of the complaint does not relieve the defendants of the duty of providing the plaintiff with a plain and concise statement of the material facts on which they rely." First Nationwide Mortgage Corp. v.Murphy, supra, Superior Court, Docket No. 550981.
This court finds that the defendants' seventh special defense is legally insufficient because it fails to set forth any factual predicate for the legal conclusion asserted therein. The seventh special defense asserts the legal conclusion that the first mortgage merged with the second mortgage and therefore, the first mortgage is not valid and cannot be enforced. The defendants' seventh special defense lacks allegations regarding the facts and circumstances giving rise to the conclusion that the first and second mortgages have merged. Accordingly, the motion to strike the seventh special defense is granted.
E. Eighth Special Defense
The defendants' allege, in their eighth special defense, that: the defendant, Charles E. Bradley, has several creditors; the plaintiff claims to hold various security interests in real property located in Connecticut, Florida and France; the plaintiff claims to hold, as additional collateral, numerous negotiable security instruments; the plaintiff is required by equity to marshal assets and not to proceed in a shotgun manner to simultaneously liquidate all of the securities which operates to the financial detriment of the defendants.
The plaintiff moves to strike the defendants' eighth special defense on the ground that it is legally insufficient because the defense of marshalling is not available to the defendants, based on their status as mortgagors, as a matter of law. The plaintiff argues that under Connecticut law, the equitable doctrine of marshalling may only be asserted by junior lienholders. In response, the defendants argue that this court has inherent authority to utilize its equitable powers to adjust or withhold remedies and to recognize special defenses. The CT Page 3956 defendants maintain that their eighth special defense is legally sufficient.
"Marshalling is a rule of equity for the purpose of achieving fair dealing and justice among senior and junior creditors of a common debtor. In foreclosure cases it is particularly applied when a senior mortgagee has a mortgage on two parcels of land and a junior mortgagee has a mortgage on but one of the parcels; the senior mortgagee may then be required to seek satisfaction out of the property on which the junior mortgagee has no lien so that both creditors may be satisfied." FoundersBank v. Kogut Enterprises, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 537451 (May 25, 1995, Saner, S.T.R.) (14 Conn.L.Rptr. 357), aff'd, 43 Conn. App. 905, 683 A.2d 29
(1996) (per curiam). The basis of the doctrine of marshalling is that, "where one creditor has security on two funds of his debtor, and another creditor has security for his debt on only one of those funds, the latter has a right in equity to compel the former to resort to the other fund, if it is necessary for the satisfaction of both creditors, provided it will not prejudice the rights or interests of the party entitled to the double fund, nor do injustice to the common debtor, nor operate inequitably on the interests of other persons. . . . [T]he principle ordinarily applies only to secured creditors."[13] (Citations omitted; emphasis added.) Greenwich Trust Co. v. Tyson, 129 Conn. 211, 227-28,27 A.2d 166 (1942).
"While [the marshalling] defense by a mortgagor has been allowed in some states," Connecticut courts have rejected the defense when asserted by mortgagors. See e.g., Monument Realty v. Youmatz, Superior Court, judicial district of Litchfield, Docket No. 071092 (February 18, 1997, Pickett, J.T.R.) (18 Conn.L.Rptr. 589.) (granting motion to strike defendant-mortgagor's special defense because the "special defense of marshalling assets is legally insufficient when used by a mortgagor."); see also Founders Bank v. Kogut Enterprises, Inc., supra,14 Conn.L.Rptr. 357 (although defendant-mortgagor asserted defense of marshalling, court granted plaintiff-mortgagee's motion for summary judgment because, among other things, marshalling defense was asserted by mortgagor rather than junior lienor.).
In light of the foregoing, this court finds that the defendants' eighth special defense of marshalling assets is legally insufficient because the special defense is generally unavailable to mortgagors. Accordingly, the motion to strike the eighth special defense is granted.
II. Counterclaims
A plaintiff can move to strike a counterclaim. "[A] counterclaim is a CT Page 3957 cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v. Romano's AutoService, 4 Conn. App. 495, 496, 495 A.2d 286 (1985). Furthermore, "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." PamelaB. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998).
A. First Counterclaim
The defendants' allege, in their first counterclaim, that: the plaintiff claims to have two mortgages on the property being foreclosed; if there are two mortgages, they secure the same debt; the mortgage purportedly being foreclosed (the first mortgage) is claimed to be prior in right to another mortgage (the second mortgage); both the first mortgage and the second mortgage secure the same claimed debt; the existence of the two mortgages securing a single debt is and/or could be an adverse factor in the defendants' being able to refinance the property and is thus inequitable; the second mortgage subsumes the first mortgage, and the first mortgage has merged into the second mortgage and no longer exists as a valid encumbrance on the property; the plaintiff refuses to release the first mortgage. Furthermore, in the defendants' first prayer for relief, they request damages including statutory and compensatory damages arising from the refusal to release the first mortgage.
The plaintiff moves to strike the defendants' first counterclaim and the corresponding prayer for relief, on the ground that the first counterclaim fails to state a claim upon which relief can be granted because the defendants' special defense of merger fails. The plaintiff argues that the defendants fail to allege any facts to support a claim for the release of the first mortgage. Furthermore, the plaintiff argues that because the defendants' have not alleged that they requested a release of the first mortgage in accordance with the requirements of General Statutes § 49-8 (c),[14] the defendants' are thus precluded from seeking statutory damages from any failure to release the mortgage. In response, the defendants insist that their first counterclaim sets forth a cognizable claim in equity for the plaintiff's failure to release the mortgage, citing DiLustro v. Horvat, Superior Court, judicial district of New Haven at New Haven, Docket No. 301324 (December 11, 1991, Sullivan, J.), aff'd, 29 Conn. App. 923, 614 A.2d 1176 (1992) (per curiam). The defendants maintain that they are not required to meet the obligations of General Statutes § 49-8 because § 49-8 is not the CT Page 3958 exclusive remedy in cases where a mortgagee improperly refuses to release a mortgage, citing Skorpios Properties, Ltd. v. Waage, 172 Conn. 152,156, 374 A.2d 165 (1976), and Gordon v. Tobias, Superior Court, judicial district of New Haven, Docket No. 438895 (June 28, 2001, Blue, J.).
This court has reviewed the first counterclaim and the parties' arguments and finds that the defendants' first counterclaim fails to set forth a cognizable cause of action. The defendants correctly note that General Statutes § 49-8 is not the exclusive remedy available to a mortgagor when a mortgagee improperly fails to release a mortgage. SeeSkorpios Properties, Ltd. v. Waage, supra, 172 Conn. 156 (General Statutes § 49-8 provides additional but not exclusive relief for failure to effect a release of mortgage and it does not abrogate or supersede any common-law remedy). Nonetheless, this court cannot conclude that the defendants have set forth a cognizable claim in equity for the plaintiffs failure to release the first mortgage. This court notes that the cases relied upon by the defendants do not support their argument that the first counterclaim sets forth a valid claim in equity. Specifically, this court notes that in Gordon v. Tobias, supra, Superior Court, Docket No. 438895, the court, Blue, J., stated that "[u]nder modem law, the prerequisites to equitable relief are performance in full of the obligation secured by the [m]ortgage and failure of the mortgagee to provide a release upon reasonable request. Restatement (Third) of Property, Mortgages, § 6.4(b). These prerequisites have been satisfied here." (Emphasis added.) Id. Thus, the Gordon court recognized the viability of a mortgagor's equitable claim for failure to release a mortgage. Similarly, in DiLustro v. Horvat, supra, Superior Court, Docket No. 301324, the defendant-mortgagor claimed that the plaintiff-mortgagee received full payment for the mortgage. The DiLustro court specifically found that the subject promissory note and mortgage had been paid in full and consequently, the DiLustro court ordered the plaintiff-mortgagee to release the mortgage.
In this case, however, the defendants' first counterclaim fails to allege that the plaintiff received any payments towards any mortgage debt. Furthermore, the defendants' first counterclaim fails to allege that the defendants have requested a release of the first mortgage, either in accordance with General Statutes § 49-8 or otherwise. Instead, the defendants merely allege the legal conclusions that the first and second mortgages have merged and that the plaintiff improperly refuses to release the first mortgage. Thus, this court concludes that the defendants' first counterclaim fails to allege sufficient subordinate facts to support the claim for release and for damages arising from the refusal to release the first mortgage. Accordingly, the motion to strike the first counterclaim and the corresponding prayer for relief is granted. CT Page 3959
B. Second Counterclaim
In their second counterclaim, the defendants allege, among other things, that: it is a violation of the laws and policies of Connecticut and Pennsylvania for the plaintiff to simultaneously proceed on collection of the note and foreclosure of the mortgage; and the actions of the plaintiff in trying to collect on the note and simultaneously foreclosing the mortgage while, at the same time, accepting payments against the claimed mortgage debt constitute unfair trade practices, in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. Furthermore. in their sixth prayer for relief, the defendants seek punitive damages pursuant to General Statutes § 42-110a et seq.
The plaintiff moves to strike the defendants' second counterclaim and the corresponding prayers for relief, on the ground that the second counterclaim fails to state a claim upon which relief can be granted because the facts alleged are insufficient to support a CUTPA claim. The plaintiff argues that the facts alleged in the second counterclaim are insufficient to support a CUTPA claim. In response, the defendants' maintain that their counterclaim sufficiently pleads a cause of action under CUTPA.
In Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334,736 A.2d 824 (1999), the Supreme Court of Connecticut stated: "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Citations omitted; footnote omitted; internal quotation marks omitted.) Id., 367-68.
Applying the foregoing principles, this court finds that the allegations contained in the defendants' second counterclaim fail to sufficiently plead any prong of the cigarette rule. As for the first prong of the cigarette rule, although the defendants do allege the legal conclusions that the plaintiff violated laws and policies and engaged in CT Page 3960 unfair trade practices, this court finds that the defendants' second counterclaim lacks factual allegations to support a claim that the plaintiff's conduct was "within at least the penumbra of some common law, statutory, or other established concept of unfairness." Hartford ElectricSupply Co. v. Allen-Bradley Co., supra, 250 Conn. 368. Thus, this court finds that the defendants failed to allege sufficient facts to meet the first prong of the cigarette rule. Similarly, this court finds that the defendants failed to allege sufficient facts 10 meet either the second or the third prong of the cigarette rule. Consequently, this court concludes that the second counterclaim fails to set forth cognizable cause of action under CUTPA. Accordingly, the motion to strike the second counterclaim and the corresponding prayers for relief is granted.
IV. Conclusion
In summary, this court: grants the motion to strike the defendants' first, second, fourth, fifth, sixth, seventh, eighth and ninth special defenses; denies the motion to strike the defendants' third special defense; and grants the motion to strike the defendants' first and second counterclaims and the corresponding prayers for relief.
 ___________________ TOBIN, J.